Ruffin, C. J.
 

 The tenor of the deed, under which the plaintiff claims, is so different from the statement of it contained in the bill, that, perhaps, it might properly be held, that the plaintiff' has failed to establish the right alleged by him. But, passing by that, the Court is of opinion, that the decree is erroneous, both in the extent of the relief decreed, and in the reason assigned for giving that relief. The decree is for the immediate payment to the plaintiff, though not yet of age, of the whole price which the defendant received for the negroes, with interest thereon from the bill filed, and that without any regard to the value of the particular estate or that in remainder, either at the day of sale, or of the decree pronounced. That principle, as it seems to the Court, cannot be supported, even upon the supposition that the particular tenant sold the property out and out; for it amounts simply to this, that by such a sale the particular estate is-forfeited, or extinguished. That is true at common law,, in respect to conveyances of real estate in some instances. But even that is so, only when the conveyance is one, which passes the land itself, whether rightful or wrongful, as a feoffment or fine; and a bargain and sale, or other rightful conveyance, has no such effect. But equity proceeds on no such idea of forfeiture in any instance* unless provided as a stipulation in the instrument creating the estate, or imposed by some particular law.— We believe in several of the States there are statutes*
 
 *536
 
 which enact, that a sale, or removal out of the State, .of slaves, by a tenant for life or for any other particular term, shall work a forfeiture. It is so extremely difficult .in many cases to fix upon any just rule for compensating the remainderman for thelnconvenience and expense he almost certainly, and for the loss he may probably ultimately, sustain from an absolute disposition of slaves by the particular tenant or the removal of them by him out of this State and to parts unknown to the remainderman . — and, especially, when the slaves are females — that it would certainly be a great relief to the Courts, and, apparently, wise legislation, to provide by statute, that by such a sale out and out, or by the removal of slaves out of the State, the particular estate should be forfeited, and the remainderman be entitled, at his election, immediately to recover the slaves themselves from the possessor, or from the particular tenant the price he got or
 
 the value.
 
 But, without the authority of the legislature, the judiciary .cannot undertake to pronounce the particular estate extinguished by the wrongful act of the owner, in professing ,to sell and convey the whole property, or in removing them out of this State — which last mayor may not be to the prejudice of the remainder-man, though it generally is. Courts of Equity, in particular, will never set up such a doctrine of forfeiture, as it is, on the other hand, one of the jurisdictions of those Courts to relieve against it. Upon that
 
 ground the decree
 
 is deemed erroneous.— How far it should be varied, and to what extent the plaintiff would be entitled to relief, if the defendant had sold the whole property in the slaves, or had carried them to parts unknown to the pLaintiff, with the intent to baffle his search for them and defeat his right, it is not necessary at present to say, nor, in some cases which
 
 might
 
 be supposed, would it be very easy to say. As the case stands, it is not established, that the defendant professed to sell the negroes absolutely; but the contrary is to be
 
 *537
 
 inferred. The bill does not distinctly charge, nor does the decree find, an absolue sale, but only, in general terms, that the defendant sold the negroes. As the bill is thus vague, it is not seen how the Court could declare such absolute sale — thereby going beyond the allegations of the party. But, the defendant has answered, assuming the bill to contain that allegation ; and he denies it explicitly, and says that he sold the negroes as he bought them, that is, until the plaintiff should come of age.— There is nothing to contradict that, or to bring it into doubt, but the single fact, that the defendant carried them to the adjoining State of Virginia and sold them. We are not prepared to say, that in any case that circumstance, by itself, would be sufficient to establish, that the sale was of a greater interest than belonged to the seller. But, it cannot have that effect here, in opposition to the positive averment in the answer, and when the price received as stated in the answer (which the plaintiff admits to be true, in that respect, by taking his decree for the sum) was much less than the value of the whole property and only a fair price for the real interest of the seller. It ought not therefore to be assumed, that the defendant sold the negroes for more than the term for which he owned them, nor a decree made upon that hypothesis, but the contrary. Then, if the defendant sold only the right he had, it cannot be questioned, that he would have been justifiable in making it, had he made it to an inhabitant of this State, and not upon a concerted purpose, that the vendee should carry them out of the State, in such a manner as to place them out of the knowledge and beyond the reach of the remainderman. Does the mere act of carrying them out of the State and selling them, entitle the remainderman to redress against the particular tenant? The sale even of the absolute property-does not displace the remainder, and the person entitled to it may, upon the falling in of the particular estate, re
 
 *538
 
 cover the negroes themselves. We will not lay it.clown, that the remainderman may not have an immediate action on the case at law, or be relieved in equity, as upon an injury to his rights as a remainderman by reason of the destruction of the property, of which he is entitled to the remainder. But without pursuing that idea so as to ascertain in detail the different remedies and their extent in such a case, it may be safely'laid down, that it is not in law or in equity, an injury by the particular tenant to the remainderman, simply to remove slaves to another State, or thus to remove them and sell nothing more than his own interest in them. For if the remainderman knows the slaves and where they are, he has, against the purchaser, by way of securing his enjoyment of the slaves when his estate comes into possession, a right to the same remedy he had here against the particular tenant, and it must be supposed that he will there get due redress according to his right. If, indeed, the remainderman sees that the particular tenant is about to remove the slaves out of this State, he may anticipate that purpose, and upon his-application the Court will restrain the execution of the purpose and secure the forthcoming of the property. But, when the remaindei'man lies by, and the other party does nothing more than part from his right to a person in another State, it is not seen, that the remainder-man has any cause of action therefor against the former tenant of the particular estate, or any ground for requiring him in equity to be responsible for the production of slaves, over which he has no longer a control, and which the law did not prohibit him from alienating, it isqilain, therefore, that, after a sale by a particular tenant, the right to redress against him in either Court depends upon the intention to injure the remainderman by the saje, and upon an injury to him resulting in fact therefrom. Now, that cannot be assumed, when it does not appear, that the slaves, though in another State, are not known to the re
 
 *539
 
 mainderman, and as accessible to him as they were here before the sale. Here the bill states only, that, a few days before the suit commenced, the defendant sold the, negroes beyond the limits of this State ; and it does not allege that the plaintiff did not know, where they were, and could not trace them and have adequate remedy there by having their production duly secured ; nor does it seek any discovery of the defendant’s vendee, nor state any reason whatever for not following the property.— Therefore, as the defendant was entitled to the interest sold by him, the Court cannot hold, that he had not a right to make the sale, though to a person out of the State, and that it was a fraud in him so to do ; since the plaintiff neither charges nor proves, that the slaves were thereby placed beyond his knowledge or reach, or that he has been otherwise defrauded or in fact injured in the premises.— For these reasons the decree must be reversed and the bill dismissed with costs.
 

 Per Curiam.
 

 Decree accordingly.